```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

DARRELL B. GIPSON,               :
     Plaintiff,                  :
                                         PRISONER
V.                               :   CASE NO. 3:09-CV-1134(RNC)

FNU SANTINNI, ET AL.,            :
     Defendants.                 :
```

## RULING AND ORDER

Plaintiff, a former Connecticut inmate proceeding pro se and in forma pauperis, brings this action against various defendants under 42 U.S.C. § 1983 ("section 1983"). Because the plaintiff is proceeding in forma pauperis, the court is required to review the complaint and dismiss any part of it that fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also 28 U.S.C. § 1915A. Plaintiff's complaint fails to allege a claim on which relief can be granted under section 1983 and is therefore dismissed.

The complaint alleges the following facts, which are accepted as true and construed liberally in favor of the pro se plaintiff. At the time of the events underlying the complaint, plaintiff was a resident of a halfway house in Hartford. One day, he asked a staff member for help getting to a social services agency. He told the staff member he had metal implants

in both ankles and limited mobility due to an injury.[1]  Yet the staff member failed to provide him with transportation.  He then walked to and from the social services agency and his ankles became painful and stiff.  On returning to the halfway house, he told a staff member named Darryl he was having problems with his legs.  Darryl said he would inform his supervisor.  The next day, plaintiff told a staff member named Judy he needed to go the emergency room.  Judy responded that the problem he was having with his legs was not an emergency.  Plaintiff waited in pain for three days then walked to the emergency room for treatment of one of his feet, which was swollen and stiff.  At the emergency room, he was given ibuprofen and told to stay off his feet for three days.  He later submitted a grievance to a supervisor at the halfway house but received no response.  He then prepared another grievance addressed to the supervisor of the halfway house but this time gave it to his parole officer for handling.  He never received a response to either grievance.

Based on these allegations, plaintiff sues the halfway house staff members named Darryl and Judy, the halfway house supervisor who failed to respond to his grievance, his parole officer and the parole officer's supervisor.  The allegations of the complaint are insufficient to state a cause of action under

---

[1] The staff member he spoke to is not identified in the complaint or named as a defendant.

section 1983 against any of these defendants.

Section 1983 provides a cause of action to a person whose federal rights are violated by state and local officials. Plaintiff's complaint against the personnel of the halfway house named as defendants appears to be based on their failure to provide him with medical treatment.  Under the Eighth Amendment, an incarcerated person has a right to receive treatment for a serious medical need.  See Estelle v. Gamble, 429 U.S. 97, 103 (1976).  To prevail on a claim for denial of medical treatment in violation of the Eighth Amendment, a plaintiff must prove that the individual defendant acted with "deliberate indifference to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The deliberate indifference standard includes both objective and subjective components.  Objectively, the alleged deprivation must involve a medical condition of some urgency, one that could produce death, degeneration or severe pain; subjectively, the individual defendant must act with a sufficiently culpable state of mind, which is more than negligence and equivalent to criminal recklessness.  Id. at 837; see Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Considered in light of these principles, plaintiff's allegations against the halfway house personnel named as defendants fall short of adequately alleging a claim for deliberate indifference in violation of the Eighth Amendment.

Assuming plaintiff's custodial status at the halfway house entitled him to the protection of the Eighth Amendment, he does not allege facts showing that he had an objectively serious medical condition either at the time he told Darryl he was having a problem with his legs or the next morning when he told Judy he wanted to go to the emergency room.  The complaint discloses no further statements by the plaintiff to Darryl, Judy or any other staff member at the halfway house concerning his medical condition or desire for treatment.  Rather, the complaint alleges that after speaking with Judy, the plaintiff waited three days then went to the emergency room on his own to obtain treatment for swelling and stiffness in one of his feet, which was successfully treated with ibuprofen and rest.  Though each case involving allegations of deliberate indifference is unique and must be considered on its own facts, courts in this Circuit have found no serious medical need in cases involving conditions like the one alleged by the plaintiff.  See Veloz v. New York, 35 F. Supp. 2d 305, 312 (S.D.N.Y. 1999)(pain in foot from bone fragment, bone cyst, and degenerative arthritis not sufficiently serious to support claim); Chatin v. Artuz, 1999 WL 587885, *3 (S.D.N.Y. Aug. 4, 1999)(constant pain and swelling in right foot not sufficiently serious to support claim), aff'd, 28 Fed. Appx. 9 (2d Cir. 2002).

    Even if one assumes that the plaintiff had a serious medical

need during the period of time covered by his allegations, the complaint still fails to state a claim on which relief can be granted under section 1983 because it fails to allege facts showing deliberate indifference to such a need on the part of the halfway house personnel named as defendants.  The complaint alleges that plaintiff told Darryl he was having a problem with his legs, but there is no allegation he told Darryl his condition was serious, nor any allegation he asked Darryl for help getting medical treatment.  The claim against Judy is somewhat different because the complaint alleges that the plaintiff did ask her for help getting to the emergency room.  According to the complaint, Judy responded that the problem plaintiff was having with his legs was not an emergency.  Crediting plaintiff's allegations, Judy's response appears to have been accurate and in any case does not evince conscious disregard of a substantial risk of serious harm to the plaintiff.  In particular, there is no allegation that she knew plaintiff would suffer in pain or his condition would significantly worsen unless he received treatment.  Plaintiff apparently accepted Judy's response and took no other action to obtain medical treatment until three days later when he walked to the emergency room.  There is no allegation that during this three-day period he communicated with any staff member at the halfway house concerning his pain, swelling, stiffness or need for treatment.  In the absence of such allegations, the complaint fails to state a claim for

5

deliberate indifference, even assuming his condition might have presented a serious medical need.

Plaintiff's complaint against his parole officer and her supervisor appears to be based solely on the absence of any response to his second grievance.  This is insufficient to support a claim for relief under section 1983.  As mentioned, section 1983 provides a cause of action against state and local officials for violating federal rights.  Crediting plaintiff's allegations, the acts and omissions of his parole officer and her supervisor with regard to his grievance against the halfway house personnel violated no federal right.

Accordingly, the complaint is hereby dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  The Clerk may enter judgment and close the case.

So ordered this 19th day of February 2010.


                              /s/RNC
                         ROBERT N. CHATIGNY
                    UNITED STATES DISTRICT JUDGE